Mengers-O'Brien v. Oyster Riv Sch Dis CV-95-402-SD  12/14/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Jennifer Mengers-O'Brien

        v.                          Civil No. 95-402-SD

Oyster River Cooperative
 School District


O R D E R

    Before the court are two motions which seek to quash subpoenas duces tecum issued to Lincoln Soldati and Michael Golding.  The motions have been filed, respectively, by the plaintiffs (document 96) and by the Attorney General of New Hampshire (document 106).  The defendant objects (documents 97, 107).[1]


1.  Background

    This is an action for sexual harassment, student against student, which occurred in an elementary school.  As of this writing, it is scheduled for final pretrial on December 21, 1998,

_____

    [1]Document 97 is defendant's objection to plaintiffs' motion, and document 107 is defendant's objection to the motion of the attorney general.

with jury selection to follow on January 5, 1999. Discovery has long since closed.

The subpoenaed parties are, respectively, the county attorney for Strafford County (Lincoln Soldati) and a captain of the Durham, New Hampshire, police department (Michael Golding). The subpoenas seek to require these parties to attend depositions to be held at the office of defendant's counsel on the morning of December 15, 1998.

## 2. Discussion

As a result of the inability of an expert witness of defendant to complete preparation for trial as it was previously scheduled in July of 1998, this case was continued to its currently assigned date to permit such expert to so prepare. Additionally, the court granted defense requests for and held an evidentiary hearing concerning the qualifications of an expert for plaintiffs. No other concessions or discovery extensions were requested or granted by the court.

As of July 6, 1998, defendant was aware that plaintiffs intended to use videotaped testimony of plaintiffs taken in the course of the investigation of a juvenile complaint in Strafford County. See Order of July 6, 1998 (document 78) at 3, 4. In

fact, the court issued an order permitting defendant to inspect such videotapes.

To this date, defendant has not requested of the court permission to reopen discovery to depose additional witnesses. Defendant suggests that the current subpoenas do not concern discovery but are merely designed to aid defendant in properly preparing its case for trial. This attempt at distinction the court finds to border on the specious.

The attorney general's objection is grounded on the fact that on June 3, 1994, state district court Judge Shaheen issued an order prohibiting disclosure of the juvenile complaint lodged in this litigation against a seventh-grade boy by "all potential witnesses interviewed or contacted by the Durham police department or the Strafford County Attorney's office and family members and acquaintances of witnesses." Suggesting that this order may have been breached by others does not, as defendant suggests, relieve it from seeking from that court relief from such order, which the court finds herewith to impliedly bind the prospective deponents Soldati and Golding.

Rule 45(c)(3)(A)(iii), Fed. R. Civ. P., mandates the quashing or modification of a subpoena which "requires disclosure of privileged or other protective matter [where] no exception or waiver applies . . . ." Federal courts should extend full faith

3

and credit to state court protective orders. <u>Resolution Trust Corp. v. Castellette</u>, 156 F.R.D. 89 (D.N.J. 1994).

The court also finds that the "governmental" or "deliberative process" privilege is here applicable, and that doctrine forbids inquiries into the mental processes of governmental decision makers. <u>Gomez v. City of Nashua, N.H.</u>, 126 F.R.D. 432, 434 (D.N.H. 1989).[2]

The court, finding that the subpoenas equate with an attempt to reopen discovery without advance permission of the court (which, under the circumstances here, would not be granted), and that they impinge upon a privilege possessed by the prospective deponents, further finds that the motions to quash should be granted.[3]

3. Conclusion

For the reasons outlined, the court grants the respective motions of plaintiffs and the attorney general to quash the

---

[2]The court finds inapposite the well-crafted order of Magistrate Judge Muirhead in <u>Jane Doe, et al v. Londonderry School Dist.</u>, Civ. No. 95-469-JD (Feb. 4, 1997).

[3]The court is aware of its authority to issue an order granting access to juvenile case records pursuant to RSA 169-B:35, II (& Supp. 1997). Indeed, such authority was previously exercised in behalf of the defendant back in July of 1998. As of this juncture, however, a request for the exercise of authority comes, as the court finds, much too late in the game to require consideration.

4

subpoenas herein.  Mr. Soldati and Mr. Golding need not appear for depositions at defendant's office on December 15, 1998.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

December 14, 1998

cc:  Eleanor H. MacLellan, Esq.
     Bradley F. Kidder, Esq.
     Donald E. Gardner, Esq.
     Neals-Erik W. Delker, Esq.